**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Srikar Reddy Dondeti,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-00680-ADA-SH** |
| | § | |
| **Jaguar Land Rover North America, LLC,** *Defendant* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE DISTRICT JUDGE**

Before the Court are Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6), and 9(b), filed April 21, 2026 (Dkt. 5); Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, filed May 5, 2026 (Dkt. 7); and Defendant's Reply, filed May 12, 2026 (Dkt. 8).[1]

## I. Background

Plaintiff Srikar Reddy Dondeti brings this breach of warranty suit against Defendant Jaguar Land Rover North America, LLC. Dondeti alleges: On June 2, 2025, he purchased a new 2025 Land Rover Range Rover Velar ("Vehicle") from Park Place Jaguar Land Rover DFW for approximately $79,205. Dkt. 1 ¶ 6. Jaguar issued a written warranty "covering the Subject Vehicle and its components for defects in materials and workmanship." *Id.* ¶ 27. The Vehicle exhibited defects affecting "its electrical systems, body components, climate control system, and suspension." *Id.* ¶ 6. Because the defects occurred during the warranty period, Dondeti delivered

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

the Vehicle to the dealership for repairs four times, and it has been out of service for at least thirty days. *Id.* "Despite these repeated repair attempts, the same or related defects continue to occur," showing Jaguar's failure to comply with express and implied warranty obligations. *Id.*

Dondeti invokes the Court's federal question jurisdiction based on his claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ("MMWA"). Dkt. 1 ¶ 3. He also brings claims for breach of express warranty, breach of implied warranty of merchantability, and violations of the Texas Deceptive Trade Practices Act ("TDTPA"), Tex. Bus. & Com. Code §§ 17.46, 17.50.

Jaguar moves to dismiss Dondeti's Complaint under Rule 12(b)(1). It argues that Dondeti cannot establish that the amount in controversy exceeds $50,000, as required by the MMWA. In the alternative, Jaguar moves to dismiss Dondeti's TDTPA claims under Rules 12(b)(6) and 9(b).

## II. Legal Standard

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress has granted jurisdiction over two general types of cases: cases that arise under federal law ("federal question jurisdiction"), and cases in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019).

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the district court to hear a case. *Ramming*, 281 F.3d at 161. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the

case." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021) (citation omitted). On a Rule 12(b)(1) motion, the party seeking to invoke federal jurisdiction has the burden of proof. *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). To meet that burden, the party "must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161.

In ruling on a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint and undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Robledo v. United States*, 147 F.4th 515, 519 (5th Cir. 2025).

## III. Analysis

Dondeti invokes the Court's federal question jurisdiction under the MMWA, which grants federal courts jurisdiction to hear claims for breach of express and implied warranty when "the amount in controversy is at least $50,000." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (citing 15 U.S.C. § 2310(d)(3)). "Generally, courts look to state law to determine the applicable measure of damages, which informs the amount in controversy under the MMWA," but there are several limitations. *Id.* Personal injury damages, attorney's fees, and damages for pendent state law claims may not be used to satisfy the MMWA's jurisdictional requirement. *Id.*

The parties do not contest that Texas law applies. A breach of warranty claim under Texas law allows recovery for the "diminished value of the good caused by the breach of warranty" and incidental and consequential damages. *Id.* at 888 (citing Tex. Bus. & Com. Code §§ 2.714, .715).

"The amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 283 (1938)). But if the complaint does not allege a specific amount of damages to trigger the legal certainty test, then "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The district court first examines the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount; if not, the court may rely on "summary judgment-type" evidence to determine the amount in controversy. *Id.* Bare allegations of jurisdictional facts are insufficient. *Id.*

Dondeti alleges that "the amount of controversy exceeds $50,000," rather than alleging a specific damage amount. Dkt. 1 ¶ 3. He alleges that he suffered "diminution in value of the Subject Vehicle, loss of use, [and] incidental and consequential damages" but provides no dollar amounts in support. *Id.* ¶ 30. The Court finds that it is not "facially apparent" from his Complaint that his claims meet the amount in controversy requirement. *Scarlott*, 771 F.3d at 889. Accordingly, the Court may look at summary judgment type evidence to ascertain the amount in controversy, but Dondeti offers none. Instead, he incorrectly argues that Jaguar bears the burden of proof:

> Where a complaint does not allege a specific amount of damages, the defendant must establish the jurisdictional threshold either by showing that it is facially apparent from the pleadings or by presenting summary-judgment-type evidence. *Scarlott*, 771 F.3d at 888. Defendant does neither here. Under *Scarlott*, where the amount in controversy is contested, the party invoking federal jurisdiction must support its position with competent evidence of the vehicle's value in its defective condition. Defendant offers no such evidence.

Dkt. 7 at 4.

In *Scarlott*, the defendant invoked federal jurisdiction by removing the case from state court. 771 F.3d at 886. But Dondeti sued in this Court and is the party invoking the Court's jurisdiction. He, not Jaguar, bears the burden of proof. *Ramming*, 281 F.3d at 161.

Because Dondeti offers no evidence or additional allegations to show that the amount in controversy exceeds the jurisdictional amount, the Court finds that he has not sustained his burden to show that jurisdiction exists. *See Scarlott*, 771 F.3d at 890 ("Without evidence as to the diminished value of the car, the court is unable to determine the amount in controversy."); *see also Roberts v. Thor Motor Coach, Inc.*, No. 6:21-CV-00168-JDK, 2022 WL 107592, at *3 (E.D. Tex. Jan. 11, 2022) (finding that plaintiff failed to satisfy the MMWA amount in controversy requirement when he did not allege diminished value or the amount of incidental and consequential damages). The Court thus lacks jurisdiction over Dondeti's claims and does not consider Jaguar's motion to dismiss under Rule 12(b)(6).

**IV. Order Denying Motion to Amend**

In his Response, Dondeti requests leave to file an amended complaint if the Court "determines that any allegation in the Complaint is insufficiently pled." Dkt. 7 at 8. Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). A district court must provide a "substantial reason" to deny a party's request for leave to amend, such as undue delay, bad faith, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins.*, 898 F.3d 461, 477 (5th Cir. 2018).

Dondeti does not submit a proposed amended complaint, in violation of Local Rule CV-7(b) (requiring an executed copy of a proposed pleading to be filed as an exhibit to a motion for leave). He states that any jurisdictional deficiencies can be addressed by "pleading specific amounts of damages," but describes no additional facts he would plead. Dkt. 7 at 8. Without a proposed

amended complaint, the Court cannot assess whether amendment is warranted. *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required when movant fails to inform court of facts movant would plead in amended complaint to cure any deficiencies). The Court **DENIES** Dondeti's request for leave to amend be denied without prejudice to refiling.

## V. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable District Judge **GRANT** Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6), and 9(b) (Dkt. 5) and **DISMISS without prejudice** Dondeti's claims for lack of subject matter jurisdiction.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 8, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE